UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEVON J. SCOLLARD,<br><br>      Plaintiff,<br>  v.<br><br>STAFFORD CREEK CORRECTIONS CENTER, et al.,<br><br>      Defendants. | Case No. 3:22-cv-05851-LK-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 10, 2023 |

This matter is before the Court on plaintiff's filing of a proposed civil rights complaint. Dkt. 1-1. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court recommends that two of the named defendants—Stafford Creek Corrections Center ("SCCC") and the Teamsters Union—be dismissed but that the case should proceed as to the remaining defendants.

BACKGROUND

Plaintiff, who has been convicted and sentenced in state court and is currently confined at the Washington State Penitentiary ("WSP") brings claims under 28 U.S.C. § 1983 arising out of disciplinary proceedings that were conducted while he was confined at SCCC. Dkt. 1-1 at 11, 12. Plaintiff alleges defendants violated his Fourteenth

REPORT AND RECOMMENDATION - 1

Amendment due process rights in the course of several disciplinary hearings,[1], retaliated against him in violation of the First Amendment, and imposed conditions of confinement that violated the Eighth Amendment. Dkt. 1-1.

Plaintiff names as defendants SCCC, Department of Corrections ("DOC") Secretary Cheryl Strange, SCCC Disciplinary Hearings Officer Barry Dehaven, SCCC Superintendent Ron Haynes, SCCC Associate Superintendent Gina Penrose, SCCC CPM Rob Schreiber, Resolution Specialist D. Brewer, Corrections Officer Villanobos, Corrections Officer Ivey, Sergeant Johnson, and the Teamsters Union. *Id*. at 3–4.

Plaintiff seeks compensatory and punitive damages, and injunctive relief. *See id*. at 20, 31, 44, 60, 80.

## DISCUSSION

A.     Legal Standard

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v.*

---

[1] Plaintiff also alleges violation of the Fifth Amendment, but—as a state prisoner—plaintiff's due process claims arise under the Fourteenth, not the Fifth, Amendment.

REPORT AND RECOMMENDATION - 2

*Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) plaintiff suffered a violation of rights "secured by the Constitution and laws of the United States", and (2) "the alleged deprivation was committed by a person acting under color of state law". *West v. Atkins*, 487 U.S. 42, 48 (1988); *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). The first step is to identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how each of the individually-named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at

633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, plaintiff alleges facts that potentially implicate his rights under the Fourteenth Amendment, First Amendment, and Eighth Amendment; but plaintiff has named two parties who are improper defendants under 28 U.S.C. § 1983. The Court therefore recommends that those defendants—Stafford Creek Corrections Center and the Teamsters Union—be dismissed and that the complaint be served upon the remaining defendants.

B.   Improper Defendants

Neither SCCC nor the Teamsters Union is a proper defendant in a § 1983 claim.

1.   SCCC

SCCC is an arm of the State of Washington; the State is not a "person" and therefore is not a proper defendant. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989); *Hale v. Arizona,* 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc) (Arizona Department of Corrections is an arm of the State of Arizona). Section 1983 applies to the actions of "persons" acting under the color of state law. *Will*, 491 U.S. at 65, 71. Additionally, the Eleventh Amendment bars suit in federal court against a state or an agency acting under state control – unless there is a clear and equivocal waiver. *See Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (per curiam). There is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, SCCC, as an arm of the state, cannot be sued under § 1983.

Because there are no facts plaintiff could allege to state a claim against SCCC upon which relief can be granted, SCCC should be dismissed without leave to amend. *Saul v. U.S.*, 928 F.2d 829, 843 (9th Cir. 1991).

2. Teamsters Union

Plaintiff also seeks to bring claims against a private entity, the Teamsters Union, alleging only that it "hires/employs" prison staff who are alleged to have violated plaintiff's rights. Dkt. 1-1 at 4.

To state a claim for relief under § 1983, plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Here, in order to state a claim against the Teamsters Union, plaintiff must allege facts demonstrating that it should be considered a state actor for purposes of his civil rights claims.

However, plaintiff does not allege the Teamsters Union is a state actor; nor does he allege any facts indicating it is a government entity; nor does plaintiff allege any facts demonstrating the Teamsters Union entered into any agreement to conspire with any state actor. *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) (to state a § 1983 claim of involving conspiracy, plaintiff "must state specific facts to support the existence of the claimed conspiracy.").

Plaintiff alleges only that the Teamsters Union is vicariously liable for the acts of the individual defendants who are its members. Dkt. 1-1 at 4 (asserting the Teamsters Union "hires/employs" prison staff). But even assuming, for purposes of this analysis— the Teamsters Union, rather than DOC, could be deemed to have hired or employed the individual defendants, and would otherwise be considered a "state actor"—it cannot be

held liable based solely upon their actions. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989) ("*Respondeat superior* or vicarious liability will not attach under § 1983."). Plaintiff has failed to articulate any facts indicating the Teamsters participated in any of the alleged violations of his rights.

Plaintiff's complaint fails to state a claim upon which relief can be granted against the Teamsters Union. Moreover, as plaintiff's claims rely solely upon vicarious liability, he is unable to articulate facts supporting liability. Accordingly, dismissal without leave to amend is appropriate.

## CONCLUSION

The Court recommends that defendants SCCC and the Teamsters Union be dismissed from this matter with prejudice. However, as it appears plaintiff has alleged plausible causes of action based on allegations of facts against the remaining defendants that potentially implicate his First, Eighth and Fourteenth Amendment rights, the Court recommends that this action proceed as to the remaining defendants and that plaintiff's complaint be served on them after the District Court has ruled on this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

1  directed to set the matter for consideration on **March 10, 2023** as noted in the caption.

2  Dated this 23rd day of February, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7