1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

DEVON J. SCOLLARD,

Plaintiff,

v.

STAFFORD CREEK CORRECTIONS
CENTER, et al.,

Defendants.

CASE NO. 3:22-cv-05851-LK-TLF

ORDER ADOPTING IN PART
REPORT AND
RECOMMENDATION

12

13

14

15

16

17

18

19

20

21

22

23

24

This matter comes before the Court on the Report and Recommendation of United States

Magistrate Judge Theresa L. Fricke. Dkt. No. 5. As set forth below, the Court adopts in part the

Report and Recommendation ("R&R") and dismisses Defendants Stafford Creek Corrections

Center ("SCCC") and the Teamsters Union. This Order does not address the claims against the

other Defendants.

## I.   BACKGROUND

Mr. Scollard, who is proceeding pro se and in forma pauperis, has been convicted and is

confined at the Washington Corrections Center. Dkt. No. 5 at 1. He names as Defendants in this

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 1

1    action SCCC, the Teamsters Union, Department of Corrections Secretary Cheryl Strange, SCCC

2    Disciplinary Hearings Officer Barry Dehaven, SCCC Superintendent Ron Haynes, SCCC

3    Associate Superintendent Gina Penrose, SCCC CPM Rob Schreiber, Resolution Specialist D.

4    Brewer, and Corrections Officers Villanobos, Ivey, and Johnson (with no first names identified).

5    Dkt. No. 4 at 3–4. Mr. Scollard brings claims under 42 U.S.C. § 1983 alleging that when he was

6    housed at SCCC, Defendants violated his Fourteenth Amendment due process rights during

7    disciplinary hearings, retaliated against him in violation of the First Amendment, and imposed

8    conditions of confinement that violated his Eighth Amendment rights. *Id.* at 8, 12–19.

9                                          **II.   DISCUSSION**

10   **A.      Standards for Reviewing a Report and Recommendation**

11          This Court must "make a de novo determination of those portions of the report or specified

12   proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1); *see* Fed.

13   R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's

14   disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114,

15   1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in

16   part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see*

17   Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any

18   review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140,

19   149 (1985); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate

20   judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

21   **B.      Legal Standards**

22          The Court must dismiss the complaint of a prisoner proceeding in forma pauperis "at any

23   time if the [C]ourt determines" that the action: (i) "is frivolous or malicious;" (ii) "fails to state a

24   claim on which relief may be granted;" or (iii) "seeks monetary relief against a defendant who is

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 2

1   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b). A

2   complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d

3   1221, 1225 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319

4   (1989).

5          Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory

6   or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular*

7   *Wireless Servs. Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). At this stage, the Court accepts as true

8   all factual allegations in the complaint and construes them in the light most favorable to the

9   nonmoving party. *Gonzalez v. Google LLC*, 2 F.4th 871, 885 (9th Cir. 2021), *rev'd on other*

10  *grounds by Gonzalez v. Google LLC*, 143 S. Ct. 1191 (2023) (per curiam).

11  **C.      The Report and Recommendation and Objections**

12         Judge Fricke recommended dismissal with prejudice of Mr. Scollard's claims against

13  SCCC and the Teamsters Union because they are not proper Defendants. She explained that SCCC

14  "is an arm of the State of Washington; the State is not a 'person' and therefore is not a proper

15  defendant." Dkt. No. 5 at 4. She also explained that the Eleventh Amendment bars suits in federal

16  court against a state or an agency acting under state control absent a clear and equivocal waiver,

17  which did not exist here. *Id.*

18         Judge Fricke further noted that Mr. Scollard did not allege that the Teamsters Union is a

19  state actor or a government entity or was otherwise acting under color of state law as required to

20  state a Section 1983 claim. *Id.* at 5. Thus, even assuming the truth of Mr. Scollard's allegation that

21  the Teamsters Union "hires/employs" SCCC staff, the Teamsters Union could not be held

22  vicariously liable for those employees' actions under Section 1983. *Id.* at 5–6; *City of Canton v.*

23  *Harris*, 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach under

24

1   § 1983."). Accordingly, Judge Fricke recommended dismissal of SCCC and the Teamsters Union

2   without leave to amend. Dkt. No. 5 at 5–6.

3     Mr. Scollard filed timely objections in which he contends that SCCC and the Teamsters

4   Union were the supervisors of the SCCC and Department of Corrections employees he accuses of

5   wrongdoing. Dkt. No. 9 at 2.

6     To state a claim for relief under Section 1983, Mr. Scollard must show that (1) he suffered

7   a violation of a right protected by the Constitution or created by federal statute, and (2) the violation

8   was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d

9   1418, 1420 (9th Cir. 1991).

10    Mr. Scollard argues that SCCC and the Teamsters Union "meet[] the standards [for]

11  supervisor liability per [*Castillo v. Skwarski*, No. C08-5683-BHS, 2009 WL 4844801 (W.D. Wash.

12  Dec. 10, 2009)]" because they "allow[ed] Their subordinates to inflict The Constitutional harm

13  against [him]" and "reasonably should have known of the acts occurring That caused The

14  irreparable Constitutional injury." Dkt. No. 9 at 2. He also asserts that both SCCC and the

15  Teamsters Union are "arms of the state" and that "it was There [sic] Duties [sic] to ensure There

16  [sic] subordinates [were] properly trained." *Id.*

17    There are several problems with Mr. Scollard's arguments. First, the allegations he raises

18  in his objections are nowhere to be found in his complaint. *See, e.g.*, Dkt. No. 4 at 4 (stating only

19  that the Teamsters Union "hires/employ[s] All Staff in Suit"); *see generally* Dkt. No. 4 (failing to

20  set forth any basis for SCCC's liability). Second, even if he amended his complaint to include

21  these allegations, he would still fail to state a claim against SCCC and the Teamsters Union. As

22  the R&R explains, SCCC is not a "person" for purposes of a Section 1983 claim. *Maldonado v.*

23  *Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("[s]tate agencies . . . are not 'persons' within the

24  meaning of § 1983" so plaintiff had no cause of action against the state agency under that statute);

1   *Warren v. Washington*, No. C11-5686-BHS/KLS, 2012 WL 6963906, at \*15 (W.D. Wash. Dec.

2   10, 2012) (explaining that SCCC is not a "'person[]' for purposes of liability" under Section 1983),

3   *report and recommendation adopted*, 2013 WL 364791 (W.D. Wash. Jan. 30, 2013). This is further

4   underscored by Mr. Scollard's assertion in his objections that both SCCC and the Teamsters Union

5   are "arms of the state," Dkt. No. 9 at 2, because the Ninth Circuit has squarely held that "[s]tates

6   or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes

7   are not 'persons' under § 1983." *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting *Doe*

8   *v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997)). In addition, SCCC is

9   entitled to Eleventh Amendment immunity. Dkt. No. 5 at 4; *Warren*, 2012 WL 6963906, at \*15.

10   Mr. Scollard does not argue that Eleventh Amendment immunity is inapplicable or waived here.

11   *See generally* Dkt. No. 9. And finally, Mr. Scollard fails to explain how the Teamsters Union

12   constitutes a state actor other than his unadorned assertion that both it and SCCC served as

13   supervisors who were responsible for training the individual Defendants and should have known

14   of the harm the individual Defendants inflicted upon him. This does not suffice to establish private

15   entity liability under Section 1983. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138–40 (9th

16   Cir. 2012); *O'Handley v. Weber*, 62 F.4th 1145, 1155–60 (9th Cir. 2023).

17       Because SCCC is not a proper defendant for a Section 1983 claim and that deficiency

18   cannot be cured by any amendment, dismissal with prejudice is warranted. Because it is not clear

19   that the deficiencies in Mr. Scollard's claims against the Teamsters Union could not be cured by

20   amendment, the Court dismisses those claims without prejudice.

21                     **III.   CONCLUSION**

22       For the foregoing reasons, the Court ADOPTS IN PART the Report and Recommendation,

23   Dkt. No. 5, dismisses Mr. Scollard's claims against SCCC with prejudice, and dismisses his claims

24   against the Teamsters Union without prejudice.

1    The Clerk of the Court is directed to send this Order to Judge Fricke, all counsel of record,

2  and Mr. Scollard.

3

4    Dated this 12th day of June, 2023.

5

6                                                    Lauren King
                                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION - 6