UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEVON J. SCOLLARD,

            Plaintiff,

v.

STAFFORD CREEK CORRECTIONS CENTER, et al.,

           Defendants.

Case No. 3:22-cv-05851-LK-TLF

ORDER DENYING MOTION FOR COUNSEL

    This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt 13. For the reasons discussed below, plaintiff's motion (Dkt. 13) is denied without prejudice.

    A plaintiff has no constitutional right to appointed counsel in an action under 42 U.S.C. § 1983. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

    The Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved", to make an assessment whether exceptional circumstances

ORDER DENYING MOTION FOR COUNSEL - 1

show that counsel should be appointed. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

In support of his motion, plaintiff argues that he is indigent, that he has no legal background, that he does not have unlimited access to the internet to do research, that his handwriting is terrible, and that the issues in the case are complex. Dkt. 13. Defendants oppose the motion arguing that plaintiff has demonstrated an ability to articulate his claims *pro se*, that the case does not involve complex issues of fact or law, and that he fails to show a likelihood of success on the merits. Dkt. 34.

In reply, plaintiff presents additional arguments. Dkt. 39. Specifically, he argues that the number of claims and defendants renders the case factually complex and that his mental and emotional suffering claim may call for a forensic psychological evaluation to get expert testimony. *Id.* He also argues again that he is at a disadvantage because he has no legal background and does not know how to do various things such as "summons individuals for testimonys", file motions appropriately, tell if case law is still relevant, and does not have access to a word processor. *Id.* He also argues the case will involve credibility issues, that some defendants are supervisory rendering the case more complicated, and that he has little understanding of the discovery process. *Id.* He further argues that his allegations "if proved clearly establish constitutional violations."

ORDER DENYING MOTION FOR COUNSEL - 2

*Id.* Finally, he argues he has a developmental disability called ND-PAE which is a form of autism which causes him to take much longer to accomplish tasks. *Id.*

Plaintiff has not identified conditions that render this case extraordinary or set his circumstances apart significantly from those of other incarcerated litigants. Plaintiff has thus far demonstrated that he is able to file pleadings and motions in the case and the contents of those filings demonstrate a sufficient grasp of the legal issues involved, as well as an adequate ability to articulate the factual bases of his claims.

Plaintiff's complaint alleges defendants violated his Fourteenth Amendment due process rights in the course of several disciplinary hearings,[1] retaliated against him in violation of the First Amendment, and imposed conditions of confinement that violated the Eighth Amendment. Dkt. 4. At this stage, plaintiff's claims do not appear to be particularly complex. At this stage, the Court does not possess sufficient information upon which to evaluate likelihood of success on the merits.

This case does not, at this time, present extraordinary circumstances warranting the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The Court therefore DENIES plaintiff's motion for appointment of counsel (Dkt. 13) without prejudice.

Dated this 3rd day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Plaintiff also alleges violation of the Fifth Amendment, but—as a state prisoner—plaintiff's due process claims arise under the Fourteenth, not the Fifth, Amendment.

ORDER DENYING MOTION FOR COUNSEL - 3